SEALED   FILED

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

MAY 04 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. **2:15 - MJ - 101   MCE** |
| | ) | |
| | ) | |
| | ) | |
| BRIAN ARTHUR DEMPSEY, SR | ) | |

_Defendant(s)_

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 22, 2013___ in relation to violation of federal law in the county of ___Sacramento___ in the

___Eastern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1001 | False Statements to Federal Law Enforcement Officer |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

_____
Complainant's signature

Angela Ruffcorn, Special Agent, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: ___5·4·15___

_____
Judge's signature

City and state: ___Sacramento, California___

Morrison C. England, Jr., Chief U.S. District Judge
_Printed name and title_

## **AFFIDAVIT**

I, Angela Ruffcorn, being duly sworn, hereby state as follows:

### I.   **INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent (SA) for the Federal Bureau of Investigation (FBI). I have been employed with the FBI for more than twelve years, and have been an SA since 2002. I am presently assigned to the FBI Sacramento Division. I am assigned to the Joint Terrorism Task Force (JTTF) and have been since August, 2012. During my career as an FBI SA, I have participated in numerous investigations of individuals who were involved in criminal and terrorist related activities and motivated by an extremist ideology. In addition, I have received training regarding terrorism related offenses, computer related investigations, counter intelligence investigations, counter-proliferation investigations, and other national security matters. I have also conferred with other SA's who have expertise and experience in similar offenses.

2.      This affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, and related arrest warrant, charging the subject with knowingly attempting to provide materially false, fictitious, and fraudulent statement(s) and representation(s) in a matter within the jurisdiction of a department or agency of the United States, in violation of Title 18, United States Code, Section 1001. This affidavit does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. All dates are on or about the referenced date.

3.      The information contained within this affidavit is based on, *inter ali*a: (1) my participation in the investigation of Brian Arthur Dempsey, Sr. (hereinafter Dempsey); (2)

1

discussions I had with other investigating law enforcements officers based on their investigative activities; (3) review of documents; (4) information obtained from knowledgeable FBI personnel, specifically personnel responsible for tracking and analyzing credible information; and (5) information obtained from interviews of Dempsey by FBI agents.

## II.    SUBJECT: BRIAN ARTHUR DEMPSEY, SR.

4 .    As confirmed by photo identification and several family members, Dempsey is a 43 year old male who until early July 2013, resided in Sacramento, California. From approximately May 2001 until at least May 1, 2012, Dempsey was a sworn California peace officer, and worked as a youth counselor for the California Department of Corrections and Rehabilitation ("CDCR"), California Youth Authority.

## III.    SUMMARY OF INVESTIGATION

5 .    Based on witness interviews, including an interview of Dempsey conducted in January 2014, Dempsey and another individual, referred to herein as "Person A," in or before July 2013, agreed to travel from Sacramento, California to Syria for the purpose of engaging in combat.

6 .    During an interview with Dempsey conducted on August 22, 2013, at the Fiomunco International Airport in Rome, Italy, by a Special Agent of FBI, Dempsey made the following statements:

a .    Dempsey and Person A decided several months before to travel to Syria to "help refugees."

b .    Dempsey asked his brother to call the Department of State to be sure it was legal for him to enter Syria.

2

c.      Dempsey did not encounter any members of a terrorist organization or the Free Syrian Army in Azaz, Syria, where he generally resided during his time in Syria.

d.      There was no one in Azaz, Syria involved in fighting the Assad regime.

e.      Dempsey and his traveling companion had no opportunity to help refugees in Azaz, so all they did was "hang out."

7.      Dempsey's August 2013 statements were made to an FBI agent assisting in the investigation of potential crimes arising in the state and Eastern District of California including, without limitation, Title 18, United States Code, Section 956 (conspiracy to kill, kidnap, or injure persons or damage property overseas), and 1001 (false statements), both of which could be charged in this District pursuant to Title 18, United States Code, Section 3238. Dempsey's August 22, 2013, statements were material to the FBI because they related to the facts underlying potential charges including without limitation charges under Section 956.

8.      Dempsey's August 22, 2013, statements and representations were false when made and known by Dempsey to be false because, as he then and there knew:

a.      Dempsey intended before he left the United States to join groups fighting in Syria, as Dempsey admitted during an interview that I conducted with him in Rome, Italy in January 2014 (the "2014 interview").

b.      Dempsey asked his brothers *not* to contact the U.S. Government regarding his intended activities in Syria, according to statements given to authorities by Dempsey's brothers.

c.      In Azaz, Dempsey encountered members of the Free Syrian Army and Ahrar al-Sham, as well as members of Al-Nusra and the Islamic State of Iraq and Syria ("ISIS"), according to Dempsey's statement in the 2014 interview. Based on my investigation and

3

experience I am aware that the Free Syrian Army, Ahrar al-Sham, Al-Nusra, and ISIS are, and were at the time of Dempsey's presence in Azaz, groups involved in fighting in Syria.

        d.    Substantially everyone Dempsey met in Azaz was in some way involved in fighting between the Syrian Assad regime and opposition groups, according to Dempsey's statement in the 2014 interview. Moreover, based on my investigation and experience, in July and August 2013, both Azaz and Aleppo, Syria, were squarely on the border of Regime and opposition controlled areas, and were confirmed areas of intense conflict to include major operations and explosions on both sides. Also, there were no refugee camps of significant size located in either Azaz or Aleppo.

        e.    Dempsey engaged in fighting in Syria on at least two occasions, according to his statement in the 2014 interview.

        9.    Pursuant to my interviews with California Department of Corrections and Rehabilitation (CDCR) personnel and my review of CDCR records, I have learned the following. Dempsey completed a peace officer basic academy through California Youth Authority (CYA), which has since been incorporated into CDCR, in or about May 2001, and was charged with being knowledgeable about law and law enforcement investigations, including California statutes which make it a crime to lie to a law enforcement officer in the course of an investigation. It was also part of the expectations of his job that he would comply with the "Law Enforcement Code of Ethics," on and off duty, which specifically prohibits conduct such as obstruction of justice. The CDCR code of conduct for its employees, including Dempsey, indicated employees would be terminated for making false or intentionally misleading statements to a public safety officer whether the employee was on or off duty.

10.      Based on these facts, there is probable cause to believe that Dempsey, a United States citizen, did, on August 22, 2013, willfully and knowingly make and cause to be made a materially false, fictitious, and fraudulent statement(s) and representation(s) in a matter within the jurisdiction of a department or agency of the United States.

## IV.   CONCLUSION

11.      Based on the foregoing, there is probable cause to believe Dempsey knowingly attempted to provide materially false, fictitious, and fraudulent statement(s) and representation(s) in a matter within the jurisdiction of a department or agency of the United States, in violation of Title 18, United States Code, Section 1001. The United States requests that the Court order this affidavit and complaint be filed and maintained under seal until further order of the Court, or the arrest of the defendant, with the following exception. The United States requests the authority of the Court to disclose the affidavit and complaint to relevant United States, foreign, or intergovernmental authorities for the purpose of prosecuting the defendant, specifically to secure the defendant's arrest, extradition, or expulsion, or for purposes of national security as otherwise deemed necessary.

12.      Dempsey was interviewed in Rome, Italy in January 2014 and is aware of the investigation. After that time, Dempsey, through his counsel, and the government engaged in discussions about a resolution of all possible charges against Dempsey. But in or about October 2014, Dempsey terminated those discussions. Dempsey is believed thereafter to have left Italy, and his current whereabouts are unknown. Investigation into Dempsey and his activities and co-conspirators continues. Disclosure of this affidavit will enable Dempsey to identify individuals who are cooperating with the government and could lead to efforts by him to have them change their statements. Without a sealing order, the defendant may act on his own or request others to

5

conceal, damage, or destroy evidence related to this complaint or to other charges of which

investigation is pending.

Angela Ruffcorn
Special Agent, FBI

Reviewed and approved as to form.

JEAN M. HOBLER
Assistant United States Attorney

SUBSCRIBED and SWORN to before me
this 4th day of ___May___ 2015.

MORRISON C. ENGLAND, JR.
CHIEF U.S. DISTRICT JUDGE

6