McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ARTHUR DEMPSEY, SR.,<br><br>Defendant. | CASE NO. 2:16-CR-00119 MCE<br><br>UNITED STATES' MEMORANDUM IN SUPPORT OF CONTINUED DETENTION<br><br>DATE: August 17, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Edmund F. Brennan |

## I. INTRODUCTION

On August 10, 2020, defendant Brian Dempsey ("Dempsey") filed a motion for bail review pursuant to 18 U.S.C. § 3141, *et. seq.* Because Dempsey remains both a flight risk and a danger to the community, the United States opposes his motion for bail.

## II. FACTUAL BACKGROUND

Dempsey was charged by indictment with Making False Statements Involving International Terrorism, in violation of 18 U.S.C. § 1001 on or about June 23, 2016. ECF XX. In summary, the indictment alleges that Dempsey lied to the FBI about: (1) the purpose of his trip to Syria; (2) his intent to fight in Syria; (3) that he asked relative to not contact the Department of State about his trip to Syria; (4) that he had not encountered any terrorist groups in Syria; and (5) that there was no one fighting the Assad regime in his location in Syria. Additionally, in a subsequent interview with an FBI Special Agent, Dempsey admitted to fighting in Syria on at least two occasions.

Dempsey was arrested in the United Kingdom pursuant to the Court's warrant on or about January 18, 2017. Dempsey remained in custody and spent the next three and a half years contesting extradition to the United States to face the indictment. Dempsey was ultimately extradited to the United States on June 12, 2020. He was arraigned on the indictment on June 15, 2020. The Court ordered him detained as both a danger and a flight risk. ECF 16. In its written order, the Court found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community. Id. at 2. The Court further held by a preponderance of the evidence that no condition or combination of conditions would reasonably assure Dempsey's appearance at future proceedings. Id.

On August 10, 2020, Dempsey filed a motion for bail review. ECF 21. In support of his motion, Dempsey asserts that his mother and sister are willing to provide a place for him to live and his mother is willing to post $150,000 of equity from her residence. Dempsey also urges release because he claims to have served nearly half of the statutory maximum sentence.

### III.  ANALYSIS

Pursuant to § 3142(e)(1), the Bail Reform Act permits the government to move for detention on the basis of flight risk and danger to the community. The decision whether to detain a defendant as a flight risk pending trial is made by a preponderance of the evidence, whereas detention as danger to the community is made by clear and convincing evidence. United States v. Motamedi, 767 F.2d 1403, 1406-07 (9th Cir. 1985). The government bears the burden of proving risk of flight and danger to the community. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir.1991). Factors to be considered by the Court include: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, (4) danger to the community. 18 U.S.C. 3142(g).

Under 18 U.S.C. § 3142(e)(1), Dempsey presents a serious risk of flight and danger to the community. Because there are no conditions of combination of conditions which can reasonably assure Dempsey's appearance at trial or that can protect community, the Court should continue to detain him.

First and foremost, it is important to note that Dempsey did not willingly surrender himself to authorities of the United States nor did he waive extradition upon his arrest on these charges in the United Kingdom (UK). Instead, for over three-and-a-half years, Dempsey contested extradition at every

level while incarcerated in the UK.  While the government certainly recognizes Dempsey's right to legally contest extradition, his vigorous attempts to avoid prosecution in the United States seriously undermine his assertions that he is not a flight risk.  In light of his status as a former California law enforcement officer, Dempsey's unwillingness to address criminal charges containing serious allegations related to international terrorism strongly suggests that he is unworthy of this Court's trust in the context of pretrial release.

Second, while Dempsey certainly has ties to the local community, he has not been a part of the community since at least 2014.  Dempsey quit his job and abandoned his family, including his then-juvenile son, to engage in a misguided quest to fight in Syria.  Dempsey's willingness to leave everything behind for no good reason and attempts to avoid accountability shows that he capable of doing exactly the same thing again.  Furthermore, he has no meaningful employment, nor any hope of securing such.

Third, while it is laudable that his family is willing to provide a place for Dempsey to live, both his mother and sister are potential prosecution witnesses at trial in this matter.  Given his proclivity to manipulate the truth, the government has serious concerns that Dempsey might attempt to influence the future testimony of both his mother and his sister.  Interestingly, at the time of Dempsey's extradition just 60 days ago, neither his mother nor his sister were willing to act as sureties or to provide a residence.  Although Dempsey insists that his mother is willing to post $150,000 in home equity, he presents no proof that such equity is available.  To that extent, allowing Dempsey to reside with his mother and sister would be inappropriate.

Fourth, the nature and circumstance of the charged offense, the strength of the evidence, and his danger to the community militate against release.  Although charged with making false statements to the FBI involving international terrorism, these allegations stem directly from Dempsey's deliberate and premeditated actions that led him to Syria and fighting.  He attempted to conceal his actions by directing a family member not to call the State Department and by lying to the FBI.  Dempsey is without doubt a danger to the community.

Finally, it is certainly true that Dempsey has been incarcerated for approximately three-and-a-half years.  However, Dempsey's incarceration or this period of time was entirely of his own making as

he chose to contest extradition to the United States at every level in the UK.  Furthermore, while he may be entitled for credit against any eventual sentence, Dempsey provides no meaningful analysis as to how this makes him less of a flight risk or a danger to the community.

## IV. CONCLUSION

For all of the foregoing reasons, Dempsey remains a flight risk and a danger to the community. The Court should deny Dempsey's motion and order that he remain detained.

Dated:  August 13, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ HEIKO P. COPPOLA
HEIKO P. COPPOLA
Assistant United States Attorney